UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re:

Quality Candy Shoppes/Buddy Squirrel of Wisconsin, Inc.,   Case No. 10-20464-mdm

    Debtor.   Chapter 11

---

**EMERGENCY MOTION FOR TEMPORARY USE OF CASH COLLATERAL
AND TO PAY PRE-PETITION WAGES**

---

    The above Debtor hereby moves this Court for a preliminary and final hearing pursuant to 11 United States Code Section 363(c) for permission to use cash collateral in accordance with the foregoing bankruptcy statute and Local Rule 4001-a of the Local Rules of the United States Bankruptcy Court for the Eastern District of Wisconsin, and in support hereof, the Debtor alleges and shows to the Court as follows:

    1. On January 15, 2010, the Debtor filed a *Petition* under Chapter 11 of Title 11, United States Code in the United States Bankruptcy Court for the Eastern District of Wisconsin.

    2. The Debtor is in the business of manufacturing and retail sales of candy and nuts.

    3. Upon information and belief, Harris Bank N.A. may have perfected a lien against the Debtor's cash collateral, to wit: receivables and cash, and such lien holder may claim an interest in the cash collateral of the Debtor.

    In addition, on the date of the filing of the *Petition*, Harris Bank offset approximately $300,000.00 from the Debtor's accounts.

    Harris Bank's counsel is Patrick Howell of Whyte Hirschboeck Dudek S.C., 19th floor, 505 East Wells Street, Milwaukee, Wisconsin 53202, telephone number 414-978-5526.

Law Offices of Jonathan V. Goodman
135 W. Wells Street, Suite 340
Milwaukee, WI 53203
Phone: (414) 276-6760; Fax: (414) 287-1199
Email: JGoodman@ameritech.net

Debtor's counsel has been in contact with Mr. Howell, but no agreement for the use of cash collateral has been arrived at.

4. The emergencies requiring prompt consideration of this *Motion* are as follows:

   (a) The Debtor needs to make payments for pre-petition wages and post-petition wages. The Debtor is prepared to make adequate protection payments of interest-only to the bank. The Debtor alleges that all loans are current except that a forbearance agreement, that Debtor was subject to, matured on December 31, 2009, and Harris Bank and the Debtor could not come to an agreement as to its extension.

   (b) There are numerous emergency operating expenses which will be brought to the Court's attention at the cash collateral hearing, which such expenses include payment of health insurance premiums, leases, and other necessary expenses in order for the Debtor to keep operating.

   (c) There may also be expenses for purchase of product necessary for Debtor to meet its contractual obligations to its customers for the manufacturing of chocolate and nut products.

   (d) The Debtor is current on its rents, but will need cash collateral to pay rents for February.

WHEREFORE, Debtor prays:

   (1) That a hearing be held on the *Motion* so that the honorable Court may authorize use of funds constituting cash collateral for the purposes set forth, pursuant to 11 United States Code Section 363(c).

   (2) That the Court set a date for a future hearing for the permanent use of cash collateral.

Dated this 18th day of January, 2010.

                                                LAW OFFICES OF JONATHAN V. GOODMAN
                                                Attorneys for Debtor

                                        By:       /s/ Jonathan V. Goodman
                                                      Jonathan V. Goodman

POST OFFICE ADDRESS:
Law Offices of Jonathan V. Goodman
135 W. Wells Street - Suite 340
Milwaukee, WI 53203-1807
Phone: (414) 276-6760; Fax: (414) 287-1199
Email: JGoodman@ameritech.net