UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

COURT MINUTES

CHAPTER         11
DATE:           January 19, 2010
JUDGE:          Margaret Dee McGarity
CASE NO.:       10-20464
DEBTOR:         Quality Candy Shoppes/Buddy Squirrel of Wisconsin, Inc.
NATURE OF HEARING:   1.   Emergency Motion for Temporary Use of Cash Collateral and to Pay Pre-Petition Wages and Motion to Expedite Hearing and Limit Parties Served Thereon
                     2.   Motion to Obtain Unsecured Credit pursuant to 11 U.S.C. § 364(c)(1)(3) and Motion for Expedited Hearing in Limit Parties Served Thereon
APPEARANCES:    Jonathan Goodman, Attorney for Debtor in Possession
                Margaret Gile, President of Debtor in Possession
                David Reynolds, CFO of Debtor in Possession
                Patrick Howell, Attorney for Harris Bank
                Justin Szalanski, Attorney for Harris Bank
                Mark Kaufman, Officer for Harris Bank
                David Asbach, Assistant US Trustee
LAW CLERK:      Kris Trapp
TIME:           4:20 pm - 4:45 pm

The court granted the motions to hear the matters on an expedited basis with limited notice.

Although the employees are paid every other Friday, the debtor must remit the funds to the payroll service company the previous Wednesday. The forbearance agreement between the debtor and Harris Bank has expired. In order to obtain additional funding during the recent holiday season, Ms. Gile delivered two Certificates of Deposit and a Brokerage Account as additional collateral.

The parties have reached an agreement regarding the temporary use of cash collateral, which was not opposed by the US Trustee. Two payrolls will be covered by this agreement. The CDs will remain with the bank as additional collateral. The bank will advance $80,000 for the payment of payroll; the $50,000 currently in the debtor's account at the bank will be used, plus an additional $30,00 advance from Harris. The Brokerage Account will be released to Ms. Gile.

For the next payroll, if the debtor is unable to reimburse the bank for the previous $30,000 advance, Ms. Gile will be personally liable to the bank for that amount. The bank will also fund the second payroll in the event the debtor is unable to do so; however, Ms. Gile will be obligated up to $40,000 for that payroll.

A budget has been distributed to the parties and the debtor's use of cash collateral will be limited thereby. The debtor will submit a certificate to the bank every Wednesday, showing the inventory, cash and receivables, as of the previous Friday. Harris Bank may move to terminate the cash collateral order if the certificate has a variance of 5% less than the prior certificate. An interest-only adequate protection payment will be made on or before a date ordered by the court. Harris Bank will hold a replacement lien on post-petition assets. On or before January 27, the debtor will provide the bank with an accounting of the use of cash between January 1 and January 15. The bank may seek termination of the cash collateral order in the event of non-performance.

The debtor modified the motion to obtain unsecured credit from Ms. Gile. Ms. Gile will only lend the debtor funds for the purpose of re-paying Harris Bank. To the extent Ms. Gile lends the debtor funds, she is seeking a superpriority administrative claim and junior lien on the assets of the debtor.

1

The court ordered the debtor make the interest-only payment to Harris Bank on or before January 27, 2010. The court further found the debtor would face irreparable harm in the event it was unable to use cash collateral and granted the motions. The terms of the agreement will continue from the date of this hearing through the next cash collateral hearing, scheduled for February 8, 2010, at 1:30 pm, in Room 150 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, unless the court orders otherwise.

Mr. Goodman will submit an order.