UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
<u>COURT MINUTES</u>

| | |
|---|---|
| CHAPTER | 11 |
| DATE: | April 6, 2010 |
| JUDGE: | Margaret Dee McGarity |
| CASE NO.: | 10-20464-MDM |
| DEBTOR: | Quality Candy Shoppes/Buddy Squirrel of Wisconsin, Inc. |
| NATURE OF HEARING: | Continued (from 2/8/10) hearing on use of cash collateral. |
| APPEARANCES: | Jonathan Goodman, Attorney for Debtor in Possession |
| | Margaret Gile, President of Debtor in Possession |
| | Patrick Howell, Attorney for Harris Bank |
| | Justin Szalanski, Attorney for Harris Bank |
| | Mark Kaufman, VP of Harris Bank |
| | Amy Ginsberg, Trial Attorney for US Trustee |
| | Amanda Gibbs, Attorney for MLRP 5140 3rd Milwaukee, LLC |
| LAW CLERK: | Kris Trapp |
| TIME: | 10:01 am - 10:17 am |

The parties have reached an agreement regarding the continued use of cash collateral through May 31, 2010, or a § 363 sale. The debtor is authorized to use cash collateral pursuant to its bank-approved budget. The debtor will provide a summary of its inventory, accounts receivable and cash to the bank, with the total maintained as of April 7th. Cash may not be reduced by less than $520,000. The debtor will provide the bank with reports of expenses and certificates of inventory, cash and accounts receivable. The bank may seek relief from the order in the event the debtor's actual inventory, cash, accounts receivable, and/or expenses vary by more than five percent from the certificate and/or budget. The debtor will make adequate protection payments on or before April 15th and May 15th, comprising of interest-only on the revolving line of credit and principal and interest on the real estate loan. The bank will receive a replacement lien on postpetition cash, receivables and inventory, as well as other assets. On or before April 15, 2010, the debtor will file a motion for approval of § 363 sale procedures. The debtor and the bank have agreed on a minimum sale price. The use of cash collateral and the automatic stay will terminate in the event that motion is not timely filed or there is no successful sale. The debtor will reject any leases not assigned and assumed by the stalking horse or successful bidder. In the event a § 363 sale is successful, the use of cash collateral will continue under the same terms.

The court found the debtor would face irreparable harm in the event it was unable to use cash collateral on an interim basis and ordered the continued use of cash collateral. A hearing on the debtor's motion for approval of sale procedures will be held on May 6, 2010, at 1:30 pm, and a hearing on confirmation of the sale will be held on May 12, 2010, at 1:30 pm, in Room 150 of the United States Courthouse, 517 East Wisconsin Avenue.

Mr. Goodman will submit an agreed order.